*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-343

APRIL TERM, 2016

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| v. | } Criminal Division |
| | } |
| | } |
| Nathan Purich | } DOCKET NOS. 504-9-14 Oscr & |
| | 24-9-14 Oscs |

Trial Judge: Timothy B. Tomasi

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a judgment of conviction of driving under the influence, in violation of 23 V.S.A. § 1201(a) (2). Defendant contends the trial court erred in denying his motion to suppress. We affirm.

The court's findings, which are undisputed, may be summarized as follows. On the evening of September 13, 2014, an officer with City of Newport Police Department was in his cruiser when he observed a vehicle roll through a stop sign at an intersection. The officer activated his lights and made a roadside stop. The officer approached the vehicle to speak with the driver, and detected a strong odor of alcohol emanating from the vehicle. The officer noted that, in addition to the driver, there were two other passengers.

After identifying the driver as defendant, the officer asked him to exit the vehicle. The officer then detected a faint odor of alcohol emanating from defendant's person, and observed that defendant's eyes were bloodshot and watery. On further questioning, the officer noted that defendant's speech seemed slurred. After administering a number of field sobriety tests, the officer transported defendant to the police station, where his blood alcohol level was tested, and he was processed for DUI.

Based on the foregoing facts, defendant moved to suppress the test results, asserting that the officer lacked a reasonable, articulable suspicion of wrongdoing to support the exit order. The trial court rejected the claim. As the court correctly noted, under this Court's decisions "the facts sufficient to justify an exit order need be no more than an objective circumstance that would cause a reasonable officer to believe it was necessary to protect the officer's, or another's, safety or to investigate a suspected crime." State v. Sprague, 2003 VT 20, ¶ 20, 175 Vt. 123. The court here found that defendant's "running of the stop sign . . . can be considered an erratic operation," and viewed together with the strong odor of alcohol emanating from the vehicle, concluded that the facts supported a reasonable, articulable suspicion of intoxicated driving sufficient to support the exit order "to confirm whether the smell [was] coming from the defendant."

Defendant contends the trial court's conclusion was not supported by the facts. He asserts that the exit order was based on a mere hunch because the officer could not have known that the odor from the vehicle was attributable to defendant rather than the passengers, and that the facts are distinguishable from other decisions where additional indicia of wrongdoing, such as watery eyes, slurred speech, or an admission by the suspect that he or she had been drinking, were present prior to exit order.

We review the trial court's factual findings for clear error, and its legal conclusions de novo. State v. Button, 2013 VT 92, ¶ 8, 195 Vt. 65. We find no basis to disturb the judgment. The trial court could reasonably conclude, on the facts here, that rolling through a stop sign, combined with a strong odor of alcohol emanating from the vehicle, supported a reasonable suspicion of intoxication sufficient to order the driver out of the vehicle to investigate further to determine whether the driver was intoxicated. Nothing in the decisions cited by defendant compels a contrary conclusion. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice